UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LIONEL GIBSON, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) No. 1:22-cv-02468-MPB-KMB |
| SAMMY JOSEPH, MYERS, PEARSON, CALDWELL, J LUNSFORD, MICHAEL DENNEY, | ) ) ) ) ) ) ) |
| Defendants. | ) |

**ORDER ON MOTION TO COMPEL AND MOTION FOR EXTENSION OF TIME**

In this case, Plaintiff Lionel Gibson alleges that Defendant Myers made inappropriate sexual comments to him, which prompted him to file a complaint under the Prison Rape Elimination Act ("PREA"). He alleges that, after he filed the complaint, his cell was targeted for two shakedowns, he was fired from his prison job, he was banned from obtaining other prison employment, and staff advised him that he needed to learn his place with staff. Dkt. 31 at 2. He also alleges that Defendant Denney, who is a PREA investigator, submitted a falsified investigation report claiming that he interviewed other inmates about the alleged sexual harassment, when in fact he did not. *Id.* Plaintiff also alleges that Denney worked with the other defendants to retaliate against him by submitting the falsified report to protect Myers. *Id.* Pending before the Court is Plaintiff's motion to compel Defendants to provide more complete responses to certain requests for production of documents and interrogatories. Dkt. 44.[1] Defendants did not respond to the motion, so it is ripe for decision. For the reasons stated below, the motion is **granted**

---

[1] Plaintiff recently filed another motion to compel, dkt. 45, which will be resolved by separate entry.

**in part and denied in part**. Plaintiff's motion to extend the discovery deadline, dkt. 46, is also **granted** to the extent stated in Section III, below.

    I.    **Applicable Legal Standards**

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. Fed. R. Civ. P. 26(b). Motions to compel are governed by Rule 37 of the Federal Rules of Civil Procedure and within the trial court's discretion. *See Kalis v. Colgate–Palmolive Co.*, 231 F.3d 1049, 1056 (7th Cir.2000); *James v. Hyatt Regency Chi.*, 707 F.3d 775, 784 (7th Cir. 2013). Discovery may be conducted as to any matter, not privileged, that is relevant to the subject matter of the litigation. Fed. R. Civ. P. 26(b)(1). A party moving to compel production carries the initial burden of establishing that the requested documents are relevant. *West v. Miller*, 2006 WL 2349988, at *2 (N.D. Ill. Aug. 11, 2006) (citing *United States v. Farley*, 11 F.3d 1385, 1390 (7th Cir. 1993)). If that burden is met, the burden then shifts to the non-movant to show the impropriety of the request. *Id.* at *7.

To a certain extent, the Court construes Defendants' failure to respond to Plaintiff's Motion to Compel as an acknowledgment of the correctness Plaintiff's position. *See Midwest Generation EME, LLC v. Continuum Chem. Corp.*, 768 F. Supp. 2d 939, 950 (N.D. Ill. 2010) (finding that "failure to respond to an opposing party's argument implies concession"); *Law v. Medco Rsch. Inc.*, 113 F.3d 781, 787 (7th Cir. 1997) (explaining that "[f]ailure to contest a point is not necessarily a waiver, but it is a risky tactic, and sometimes fatal"); *Milam v. Dominick's Finer Foods, Inc.*, 567 F.3d 830, 832 (7th Cir. 2009) (interpreting "plaintiffs' silence in their response as acknowledgment").

## II. Discussion

Plaintiff's motion concerns multiple requests for production and interrogatories, which the Court addresses separately below.

### A. Interrogatories and Requests for Production to Defendant Denney

Plaintiff served interrogatories and requests for production on Defendant Denney. As stated in Denney's responses to the interrogatories, he is no longer employed by the GEO Group, Inc., which is the private company that contracts with the Indiana Department of Correction to run New Castle Correctional Facility where Plaintiff was incarcerated at the time of the events at issue in this lawsuit. Dkt. 44-1 at 37. He did not provide any documents in response to Plaintiff's requests for production, noting that he did not have access to those documents anymore. *Id.* at 45–48. He answered some of Plaintiff's interrogatories, but for some he said that he could not answer because he did not have access to documents to review that would help him answer. *Id.* at 36–43. He also answered several interrogatories by stating that he did not recall. *Id.*

Plaintiff asks the Court to compel Denney to answer all his interrogatories and provide the documents at issue. Dkt. 44 at 11-12. He argues that, while Denney might not have access to the documents requested or the documents Denney needs to review to answer the interrogatories, Denney's counsel have access because they represent the other defendants and GEO. *Id.*

Federal Rule of Civil Procedure 34(a)(1) provides that "a party may serve on any other party a request within the scope of Rule 26(b)" to produce documents within the "responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). "[A] party does not need to have physical possession of documents to control them within the meaning of Rule 34." *Life Spine, Inc. v. Aegis Spine, Inc.*, No. 19 CV 7092, 2021 WL 5415155, at *2 (N.D. Ill. Nov. 19, 2021). "[R]ather, the test is whether the party as a legal right to obtain them." *Meridian Labs., Inc. v. OncoGenerix*

3

*USA, Inc.*, 333 F.R.D. 131, 135 (N.D. Ill. 2019) (internal quotation marks and citations omitted). "[T]he proper standard to apply when considering whether a party has 'possession, custody, or control' of a document in the hands of a third-party ... 'is whether the party has a legal right to control or obtain' the documents requested; a party's 'practical ability' to obtain the document is irrelevant absent a legal right to do so." *Robinson v. Moskus*, 491 F. Supp. 3d 359, 364 (C.D. Ill. 2020) (concluding that defendants had the practical ability to obtain the requested documents from the IDOC through counsel, but that defendants did not have any legal right to control or obtain the requested documents). As for interrogatories under Rule 33, when answering an interrogatory, a party is "required to perform a good-faith search for information in [his] possession, custody, or control that is responsive to" the interrogatory. *Akard v. Comm'r of Indiana Dep't of Correction*, No. 1:21-cv-02133-JMS-TAB, 2023 WL 5836721, at *2 (S.D. Ind. May 9, 2023).

Plaintiff has not set forth any basis to compel Denney to provide better responses to his requests for production or interrogatories. The underlying problem as to all of them is that Denney is no longer employed by GEO. He does not recall some of the answers to Plaintiff's interrogatories, and he does not have access to the documents needed to answer them or respond to the requests for production. Plaintiff contends that Denney's counsel can and should get the documents for Denney to review, but that is not the correct standard. The question is whether Denney himself—a former employee—has a legal right to control or obtain the document, and he does not.

Accordingly, Plaintiff's motion to compel is **denied** as to the requests for production and interrogatories to Denney.

4

### B. Requests for Production and Interrogatories to Other Defendants

#### 1. Requests 3 and 11

In Request 3, Plaintiff asked Defendants Joseph, Lunsford, Pearson, Caldwell, and Myers for:

> Copies of all statements relied upon in determining the PREA complaint, including all attachments referenced in the PREA investigation report.

Dkt. 44-1 at 20.

Similarly, in Request 11, he asked for:

> All video statements used to determine PREA investigation.

*Id.* at 22.

Defendants offered similar objections to both requests. As to Request 3:

> Objection, confidential information. Additionally, request is vague and ambiguous as to what PREA complaint, and what—if any "attachments" are being requested, not to mention what the attachments could possible be (ie—videos, affidavits, tangible evidence, etc.).

*Id.* at 20.

As to Request 11:

> Objection, confidential information. Further objection, request is broad, ambiguous, and vague. There are many PREA investigations at many times, there are many defendants to this action which do not always have access. Further, there is no "master list" or location for "all video statements used to determine PREA investigations."

*Id.* at 22.

In the motion, Plaintiff contends that the confidentiality objection is frivolous because he made the PREA complaint. Dkt. 44 at 4-6. He also explains that he is requesting the information because his contention is that Denney falsely claimed in the investigative report for Plaintiff's PREA complaint that he interviewed certain inmate witnesses and that they refused to sign or submit written statements. *Id.* Two of those inmate witnesses have submitted affidavits attesting

5

that they were never interviewed. Dkts. 44-1 at 72-77. Plaintiff also represents that prison records do not reflect that those witnesses were transported off-unit on the day that the interviews allegedly took place, suggesting that they did not occur. Dkt. 44 at 5-6. Plaintiff argues that the existence or non-existence of documentation supporting Denney's PREA investigative report is crucial to proving his case. Defendants did not respond to the motion to compel. *Id.* at 6.

Plaintiff has explained the relevance of the evidence he is seeking, and Defendants have not responded or otherwise explained their confidentiality objection. Accordingly, the motion to compel is **granted** as to Requests 3 and 11. Within **14 days of the date of this Order**, Defendants Joseph, Lunsford, Pearson, Caldwell, and Myers shall: (1) supplement their responses to those requests and provide the requested information as it pertains to the PREA investigation report at issue in this case; and (2) file a notice with the Court confirming they have done so. If any of the materials at issue do not exist, their supplemental response must clearly so state.[2]

### 2. Request 6

In Request 6, Plaintiff asked for:

> All employment documents, reports and/or job evaluation documents from June 2021 to present. (All completed documents.).

Dkt. 44-1 at 20–21. Defendants Joseph, Lunsford, Pearson, Caldwell, and Myers responded:

> Objection, overly broad and confidential. Request is in no way limited to any parties to this lawsuit, or to types of actions sought and alleged in this lawsuit.

*Id.* at 21.

In an attempt to resolve the dispute, Plaintiff wrote to Defendants' counsel and explained that he was asking for all completed employment records that would support whether he was hired

---

[2] The Court also observes that Defendants' professed confusion as to the meaning of "attachments" is not well taken and borders on frivolous. The report at issue includes a list of attachments. *See* dkt. 44-1 at 26-27. Those are the attachments that Defendants are required to produce, if they exist. If any of them do not exist, the supplemental response must clearly so state.

and terminated through proper channels because they would show the documented reason for his termination and who documented the decision. *Id.* at 7-8. He also clarified that he was asking for his own employment records, not employment records for Defendants. *Id.* Although Defendants supplemented their responses as to other discovery requests, they did not address this one. Dkt. 44 at 7. Plaintiff explains that the requested documents are relevant because they would support his claim that he was improperly fired from his prison job and restricted from further prison employment. *Id.* at 7-8.

Plaintiff has shown the relevance of Request 6, as narrowed by his letter to counsel. Defendants have neither responded nor explained their confidentiality objection in light of the fact that Plaintiff is asking for his own employment records. Accordingly, the motion to compel is **granted** as to Request 6 to the extent that within **14 days of the date of this Order**, Defendants Joseph, Lunsford, Pearson, Caldwell, and Myers shall: (1) supplement their response to Request 6 to provide the documents requested, as narrowed by Plaintiff's letter to counsel, *see* dkt. 44-1 at 7-8; and (2) file a notice with the Court confirming they have done so. If no documents exist related to Plaintiff's hiring or firing from the prison job at issue in this lawsuit, their supplement should clearly so state.

### 3. Interrogatory 12 to Defendant Joseph

In Interrogatory 12, Plaintiff asked Defendant Joseph:

Did you or your office authorize the restriction barring Mr. Gibson from obtaining any employment? If so why.

Dkt. 44-1 at 82. Defendant Joseph answered that he had no knowledge of whether his office authorized restrictions on Plaintiff's employment. *Id.* He later supplemented his answer to state, "Objection, request is vague as to time. Without waiving said objection, I do not recall if any

restrictions were imposed on the Plaintiff's employment related to any matters in this suit." *Id.* at 6.

Plaintiff argues that the answer is still evasive and that Defendant Joseph should be ordered to state whether any restriction exists and state the reason cited for the restriction. Dkt. 44 at 9. He explains that Defendant Joseph is a lead investigator for Investigations & Intelligence ("I & I") and can view the documents necessary to answer this question, assuming they exist. *Id.* Defendants did not respond to the motion to compel.

"If a good faith response to an interrogatory is that the respondent does not know the information asked, and cannot make reasonable efforts to learn the information, then such a response is not objectionable." *United States v. Community Health Network, Inc.*, 2023 WL 3114211, at *6 (S.D. Ind. Apr. 27, 2023) (internal quotation marks and quoted authority omitted). But Defendant Joseph has given no indication that he made any efforts to learn the information, and he has not explained why he cannot do so given his position as a lead investigator for I & I. Since Plaintiff's lawsuit relates to a specific termination from employment, the interrogatory is also not vague as to time. Accordingly, the motion to compel is **granted** as to Interrogatory 12 to the extent that within **14 days of the date of this Order**, Defendant Joseph shall: (1) supplement his answer to Interrogatory 12 to answer the question asked, namely whether I & I imposed a restriction on Plaintiff's employment in the time frame relevant to this case and, if so, why; and (2) file a notice with the Court confirming he has done so. Defendant Joseph must make a good faith effort to determine the answer, including reviewing any relevant documents within his possession, custody, or control. If he still cannot answer the question, his supplement must explain what steps he took to determine the answer. If the reason is that there are no documents in his possession,

custody, or control imposing a restriction on Plaintiff's employment in the relevant time frame, his supplement must clearly so state.

**4. Interrogatory 14 to Defendant Joseph**

In Interrogatory 14, Plaintiff asked Defendant Joseph:

> Does NCCF Policy 19.001 bar offenders with STG history from clerk jobs.

Dkt. 44-1 at 82. Defendant Joseph answered:

> Assignment restrictions are resultant of a multitude of factors to include conduct history, STG status, charges, PREA status, monitoring status, facility security. Etc.

*Id.* Plaintiff found the answer evasive and tried to resolve the dispute by explaining to counsel that this was a yes or no question and that he wanted to know whether STG history alone prevented employment under Policy 19.001. Defendant Joseph's supplemental response states:

> I cannot respond to this request with a simple yes or no, as I would require more specific context in order to provide an accurate response.

*Id.* at 12.

Plaintiff argues that the question is a simple yes-or-no question and that, if STG history alone not a disqualifying factor and that other factors are considered, Defendant Joseph should so state. Dkt. 44 at 8-9. Defendants did not respond to the motion to compel.

The Court agrees with Plaintiff. Interrogatory 14 is a yes-or-no question. The motion to compel is **granted** as to Interrogatory 14. Within **14 days of the date of this Order**, Defendant Joseph shall: (1) supplement his answer to Interrogatory 14 to provide a yes-or-no answer to the question, which is whether STG history alone disqualifies an inmate from prison employment[3]; and (2) file a notice with the Court confirming he has done so.

[3] Defendant Joseph's responses seem to suggest that there might be other factors. If that is the case, the answer to the question is "no," and he should explicitly so state.

### 5. Interrogatory 20 to Defendant Joseph

In Interrogatory 20, Plaintiff asked Defendant Joseph:

How many Internal Investigation Officers are African American.

Dkt. 44-1 at 83. Defendant Joseph responded:

13,681 or 11.7% Internal Investigation officers are African American.

*Id.* Plaintiff attempted to resolve the dispute by writing to Defendants' counsel and clarifying that he was asking how many internal investigation officers at New Castle Correctional Facility are African American as opposed to asking about the United States as a whole. *Id.* at 22–23. Defendants' supplemental response provided the same answer. *Id.* at 25.

Plaintiff argues that Defendant Joseph should be required to answer Interrogatory 20 by stating how many internal investigation officers at New Castle are African American. Dkt. 44 at 10-11. Defendants did not respond to the motion to compel, so it is **granted** as to Interrogatory 20 to Defendant Joseph. Within **14 days of the date of this Order**, Defendant Joseph shall: (1) supplement his answer to Interrogatory 20 to answer the question posed, as narrowed by Plaintiff's letter to counsel, *see* 44-1 at 22-23—that is, to state how many internal investigation officers at New Castle are African American; and (2) to file a notice with the Court confirming he has done so.

### III. Summary and Conclusion

Plaintiff's motion to compel, dkt. [44], is **GRANTED IN PART AND DENIED IN PART** as explained more thoroughly in this Order. Plaintiff asks the Court to sanction Defendants, but the Court does not find sanctions to be appropriate at this time, so that request is **DENIED**. *See* Fed. R. Civ. P. 37(a)(5)(C). Plaintiff's motion to extend the discovery deadline, dkt. [46], is **GRANTED** to the extent that the Court extends the deadline for completing discovery up to and

including **July 8, 2024**, and the deadline for filing summary judgment motions up to and including **August 7, 2024**. Defendants are **DIRECTED** to treat the requests for admission attached to Plaintiff's motion for extension of time, dkt. 46-1, as properly and timely served requests for admission and to respond to them within **30 days of the date of this Order**.

    **IT IS SO ORDERED.**

Date: 5/22/2024

*Kellie M. Barr*
Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

LIONEL GIBSON
104608
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
P.O. Box E
NEW CASTLE, IN 47362

Joseph Thomas Lipps
BBFCS ATTORNEYS
jlipps@bbfcslaw.com